# United States Court of Appeals for the Fifth Circuit

—————————

No. 25-50947
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ARTURO GAYTAN-PORTALES,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-2231-1

———————————————————————

Before HIGGINBOTHAM, SMITH, and HO, *Circuit Judges*.

PER CURIAM:[*]

Arturo Gaytan-Portales appeals his conviction for illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). Gaytan-Portales argues that the recidivism enhancement under § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum based on facts that were neither alleged in the indictment

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

nor found by a jury beyond a reasonable doubt.  The Government has filed a motion for summary affirmance or, alternatively, for an extension of time to file an appellate brief.

The Government is correct that Gaytan-Portales's arguments are foreclosed.  *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)).  Because *Almendarez-Torres* is clearly dispositive, we affirm the district court's judgment without further briefing.  *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019).

In light of the foregoing, the motion for summary affirmance is DENIED, the alternative motion for an extension of time is DENIED AS MOOT, and the judgment of the district court is AFFIRMED.